# THE CHICAGO RAILWAY COMPANY

## *v.*

## LEONARD W. VOLK *et ux.*

AGENCY—*what will not constitute.* In an action on the case against a street railway company, for injuries sustained by the plaintiff while a passenger upon one of its cars, it appears, that, on the arrival of the car at the crossing of a steam railroad, it stopped to allow a train of the latter company to pass by, and, that, after said train had passed, the flagman of the latter company signaled the driver of the street car to go ahead, which he did, but before he had crossed with his car, the other train backed up, and a collision occurred, whereby plaintiff was injured: *Held*, that proof of the fact that such driver had been directed by his superiors to obey the signals of the flagman in governing the movements of his car at that crossing, and that he did so, did not convert the flagman of the railroad company into an agent of the defendant, and an instruction of the court to that effect was erroneous.

APPEAL from the Superior Court of Chicago.

The facts are fully stated in the opinion.

Messrs. McALLISTER, JEWETT & JACKSON, for the appellant.

Messrs. KING, SCOTT & CLYDE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case brought by Volk and wife against the Chicago City Railway company upon the following facts: On the 11th of July, 1866, Mrs. Volk was a passenger on one of the street cars of the appellant, drawn by horse power, and as the car reached the point of intersection with the Chicago, Burlington and Quincy Railway company, the crossing was occupied by a train of cars belonging to the latter company, and the horse car stopped to wait the passage of the train. After the train had crossed the street, the flagman signaled the driver of the car to go forward. He did so, and at the same instant the train backed and struck the car before it had quite crossed the track. The plaintiff, Mrs. Volk, was considerably injured, and on the trial recovered a verdict and judgment.

On the trial, the defendant asked the following instruction:

"If the jury believe, from the evidence in this cause, that the accident in question in this suit occurred solely by reason of the carelessness, negligence or misconduct of the flagman stationed at the crossing, being the servant of the railway company, whose track crosses the track of the defendant at the place in question, and that said flagman was not at the time the agent or servant of the defendant, and said accident occurred without any fault, negligence or want of skill on the part of the defendant or any of its agents or servants, then the jury will find the defendant not guilty."

This instruction is somewhat objectionable in assuming that the flagman was the servant of the Chicago, Burlington and Quincy Railway company, but the court added the following qualification, and gave it as qualified:

" But the jury are further instructed, that, if they believe from the evidence that the driver of the car in which the plaintiff, Emily C. Volk, is alleged to have been injured, by direction of the defendant's superintendent or assistant superintendent, governed his movement upon the track at the time the accident occurred by the signal of the flagman of the Burlington and Quincy Railroad company, then such flagman was, for the purpose of this suit, to be considered as the agent of the defendant."

There was error in this qualification. The fact that the driver of the car had been directed by the superintendent to obey the signals of the flagman, and that he did so obey them, did not convert the agent of the C. B. & Q. company into an agent for the defendant. This result no more followed from the fact that such instructions had been given, than it would have followed if the superintendent had been himself driving the car, and had gone forward in obedience to the signal of the flagman. If the doctrine of this qualification be true, then the flagman becomes the agent, *pro hac vice*, of every person who drives a vehicle over the crossing, and who governs his movements by the signals or directions of the flagman. The result of this would be, that no matter how careless this person might be in the performance of his duties, one injured by complying with his improper directions could bring no suit against the company that appointed him, because he had ceased to be the agent of such company while performing the very services for which he had been appointed. The proof shows the appellant had nothing to do with his appointment, control or removal. He can therefore in no just sense be called their agent. He was no more their agent than that of any other person who traversed this crossing.

For the error in this instruction the judgment must be reversed and the cause remanded.

*Judgment reversed.*