## The Chicago and Northwestern Railway Company

### *v.*

### Walter B. Scates.

1. CONTRIBUTORY NEGLIGENCE — *getting upon cars while in motion.* In an action against a railway company to recover for an injury alleged to have resulted from the negligence of the company in placing a post upon its platform provided for receiving passengers, in such near proximity to the cars that passengers, although using due care, could not enter the cars in safety, it appeared the plaintiff, although given ample opportunity to get upon the train while it was standing at the platform for the purpose of receiving passengers, omitted to do so, but, waiting until the train had started, undertook, while it was in motion, to get aboard, and in this attempt he held on to the iron railing of the car, and followed the moving train until he came against the post on the platform, whereby he was injured. It was *held*, the plaintiff was guilty of such negligence in attempting to board a moving train, as to preclude a recovery.

2. SAME — *duty of the company in providing safe platforms.* A passenger having no right to get on board a railway train while it is in motion, the company is under no obligation to provide means to assist him in doing so. If the company has constructed and maintained a platform at a convenient and suitable place, by which passengers can safely and securely enter the cars when the train is placed in position for the reception of passengers when the cars are not in motion, it has fulfilled its duty to the passenger so far as the platform is concerned.

3. Negligence *as a question of fact.* Although the question of negligence be one of fact, to be left to the jury, yet if it appear, in an action to recover for the alleged negligence of the defendant, that the plaintiff has been guilty of gross negligence, on account of which an injury is received, or was injured by reason of a failure on his part to exercise ordinary care and caution to avoid danger, it would not be error for the court to instruct the jury that if such is the case the plaintiff can not recover.

4. Same—*as to acts of third persons.* A railway company is not liable for an injury caused by the negligence or wrongful act of a stranger, unless they were acting in concert. When the acts of different persons are entirely distinct and separate, there can be no joint liability for an injury caused thereby.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

Mr. B. C. Cook, for the appellant:

The proof does not support the averments of the declaration. The charge must be proved as made in the declaration. *Quincy Coal Company* v. *Hood,* 77 Ill. 68; *Gridley* v. *City of Bloomington,* 68 id. 47; *Chicago, Burlington and Quincy Railroad Company* v. *Lee,* id. 576; *Guest* v. *Reynolds,* id. 478.

The appellant was guilty of no wrong or negligence. The appellee was guilty of gross negligence in attempting to follow up and get on board a train in motion. *Knight* v. *Ponchartrain Railroad Company,* 23 La. An. R. 462; *Phillips* v. *Rens. and Saratoga Railroad Company,* 49 N. Y. 177; *Harpers* v. *Erie Railroad Company,* 32 N. J. L. R. 90; *Chicago, Rock Island and Pacific Railroad Company* v. *Bell,* 70 Ill. 102; *Illinois Central Railroad Company* v. *Hill,* 72 id. 222; *Lovenguth* v. *Bloomington,* 71 id. 240; *Correll* v. *B., C. R. and M. Railroad Company,* 38 Iowa, 121; *Liddy* v. *St. Louis Mo. Company,* 40 Mo. 506; *Jetter* v. *New York and Harlem Company,* 2 Keyes, 154; *Ohio and Mississippi Railroad Company* v. *Stratton,* 78 Ill. 92.

The appellee was doing an unlawful act,—he was violating a city ordinance. His injury resulted directly from such unlawful act. In such case he can not recover. *Harris* v. *Hatfield,* 71 Ill. 310; *Worcester* v. *Bridge Company,* 7 Gray, 459;

*Bosworth* v. *Swansen,* 10 Metcalf, 363; *Heland* v. *Lowell,* 3 Allen, 408; *Stanton* v. *Railroad Company,* 14 id. 486; *Sutton* v.ʻ*Town of Wauwatosa,* 29 Wis. 23; *Illinois Central Railroad Company* v. *Hetherington,* 83 Ill. 510.

Appellee was guilty of gross negligence in not looking out for obstacles as he was following up the car. *Chicago and Rock Island Railroad Company* v. *Stell,* 19 Ill. 499; *Galena and Chicago Union Railroad Company* v. *Dill,* 22 id. 265; *Chicago and Alton Railroad Company* v. *Gretzner,* 46 id. 82; *Toledo, Wabash and Western Railroad Company* v. *Riley,* 47 id. 515; *Railroad Company* v. *Manley,* 58 id. 300; *Railroad Company* v. *Jacobs,* 63 id. 179; *Chicago, Burlington and Quincy Railroad Company* v. *Lee,* 68 id. 576; *Railroad Company* v. *Jones,* 76 id. 312; *Railroad Company* v. *Miller,* 76 id. 278; *Railroad Company* v. *Bell,* 70 id. 102; *Railroad Company* v. *Hill,* 72 id. 222; *Pennsylvania Railroad Company* v. *Beall,* 73 Penn. St. R. 504; *McGraw* v. *New York Central Railroad,* 59 N. Y. 468; *Galena and Chicago Union Railroad Company* v. *Fay,* 16 Ill. 567.

Mr. W. B. Scates, *pro se.*

Mr. Chief Justice Craig delivered ʻthe opinion of the Court:

This was an action brought by Walter B. Scates, in the Superior Court of Cook county, against the Chicago and Northwestern Railway Company, to recover for personal injuries received while attempting to get upon a train of cars at the depot of the company in the city of Chicago.

In the first count of the declaration it is averred that it was the duty of the defendant to have a safe and convenient platform to the train of cars free from dangerous and unsafe obstructions, so that the plaintiff could obtain ingress to said cars in a safe and comfortable manner; that defendant in that regard did not perform its duty, but that defendant kept the platform to the cars in a negligent and unsafe manner, and

kept a wooden post upon said platform in such close proximity to the railroad track that at the place where the platform abuts thereupon, the plaintiff, in the exercise of due care in the act of getting on the car to take passage to Evanston, was, by said defendant, carelessly and negligently crushed between the train and the post negligently and carelessly placed upon the platform, whereby, etc.

In the second count it is averred, that it was the duty of the defendant to have at the station at Chicago a safe platform, so that plaintiff could obtain safe ingress to the car; that defendant did not regard its duty in that behalf, but erected a wooden post upon the platform in such close proximity to the track of the railroad, that while the plaintiff, with all care and diligence, was then and there getting on the cars, the defendant moved its cars athwart and by the said wooden post and crushed and jambed the plaintiff between the car and the post, by means whereof, etc.

These are the only counts in the declaration, and on the evidence introduced under these averments the plaintiff recovered a verdict and judgment for the injuries sustained.

We do not deem it necessary to consume time in the consideration of the evidence, further than it may be necessary to determine whether the law applicable to the facts of the case was properly given to the jury. The defendant requested the court to give the following instructions, which were refused:

"2. That if, at the time the accident to the plaintiff is alleged to have occurred, the defendant's train started at the regular time of starting, and if the train had been in the proper position to receive its passengers a sufficient time to allow all passengers who were ready at the proper time to take seats in in the car, and if the plaintiff, after the car started and while it was in motion, attempted to get on board, and the injury to him was received by reason of the car being in motion, he can not recover for such injury.

"3. It was not the duty of the defendant to provide means

by which the plaintiff could get on board the train of cars while the same was in motion. If the defendant had constructed and maintained a platform at a convenient and suitable place, by which passengers could safely and securely enter the cars when the train was placed in position for the reception of passengers when the cars were not in motion, it had fulfilled its duty to the plaintiff so far as the platform is concerned, and the plaintiff can not recover under the averment of his declaration in this case."

No other instructions involving the same principle were given.

The depot where the accident occurred is a building containing two waiting rooms, one for gentlemen and the other for ladies. The building also contains a baggage room. The roof of the building extended over a platform, supported by a row of posts. The posts opposite the passengers' waiting rooms were several feet from the cars on the track, but the post furthest west, which was opposite the baggage room, was only one foot and four inches from the car as it stood upon the track.

It appears, from the evidence, that the train had been standing on the track for some time before it started, ready to receive passengers. The plaintiff did not, however, go upon the train, as he had ample opportunity to do while it was standing on the track opposite the waiting room, but, for some purpose, he went into the baggage room, and while there the train started. When appellee discovered that the train was moving off, he started from the baggage room door, for the purpose of getting upon the train. A large man, with a valise in his hand, also started for the train, and reached the cars first. When this person reached the car door, the plaintiff was on the first step of the car. The door, however, turned out to be locked, and the man, not being able to enter the car, immediately turned and proceeded down the steps in great haste. Of course he encountered the plaintiff, who was either

crowded off or pushed off on the platform. After plaintiff was thus upon the platform, he held on to the iron railing of the car, and followed the moving train until he came against a post which stood near the track in front of the baggage room, and was injured between the post and the moving car.

The fact that the train started on regular time, and ample opportunity had been given passengers to take passage before it started, as declared in the second refused instruction, is not disputed or denied. Had the plaintiff the right to attempt to get on the train while in motion; and if an injury occur in consequence of such an act, can a person recover damages for such an injury?

In *Illinois Central R. R. Co.* v. *Slatton*, 54 Ill. 133, where it appeared the train had stopped at a station and remained a sufficient time to allow passengers to leave in safety, but the deceased, not availing of that opportunity, waited until the train was in motion and then attempted to leave the train, and while so doing was thrown under the cars and killed, it was held, there appearing to have been no mismanagement of the train by the company, it was not liable. It was there said: "The proof is abundant that the train stopped an unusual time—for a time sufficient to enable the passengers to leave in safety. If the deceased did not avail of this opportunity, but chose to attempt to get off when the train was again in motion, and this without the direction or knowledge of any employee on the train, it was his folly, and the consequences of it must rest upon him alone."

In *Ohio and Mississippi Ry. Co.* v. *Stratton*, 78 Ill. 88, where an action was brought to recover for injuries received by a party who attempted to get off a train while in motion, it was held, that a passenger has no right to get off a train of cars in motion, and if he undertakes to do so without the knowledge or direction of any employee of the company, it is at his peril, and he must bear the consequences, however disastrous. See, also, *Illinois Central R. R. Co.* v. *Chambers*, 71 Ill. 520.

If it is to be regarded dangerous for a passenger to get off a train of cars in motion, it is likewise dangerous to get on a train when in motion. If a person is guilty of such negligence in getting off a train of cars in motion as will preclude a recovery for an injury received, upon the same principle and for the same reason a person injured in getting on a train of cars in motion, and in consequence thereof, should be regarded guilty of such negligence as will prevent a recovery.

It is, however, said, that negligence is a question of fact, which should be left to a jury. This is true, and yet, if a person is guilty of gross negligence, on account of which an injury is received, or is injured for a failure to exercise ordinary care and caution to avoid danger, we apprehend it would not be error for a court to so instruct a jury.

The second instruction, which was refused, was in harmony with the views here expressed. It, in substance, directed the jury, that if they find that the train started on regular time, that it had been in proper position to receive passengers a sufficient time to allow all passengers an opportunity to take seats in the cars, and if plaintiff, after the cars were in motion, attempted to get on board, and was injured *by reason* of the car being in motion, he could not recover. The instruction was, in substance, a declaration to the jury, if plaintiff was injured on account of gross negligence on his part, or from the want of ordinary care, he could not recover.

In *Phillips* v. *Rens. and Sar. R. R. Co.* 49 N. Y. 177, the court, in deciding. a case where the circumstances were somewhat similar to those under consideration, said: "To hold on to the iron and run along, trying to get upon the car while the speed was increasing, without looking to see if there was danger of collision with some object near the track or other danger to be apprehended, was not only negligence, but exhibited great, if not reckless, disregard of his safety by the plaintiff. This was the conduct of the plaintiff, as testified to by himself, and was such that, without explanation, a verdict

finding him free from contributory negligence would have been unauthorized."

Here, as in the case cited, the plaintiff held on to the iron railing and followed the moving train, without looking to see whether he was liable to come in collision with any object near the track. He was familiar with the platform at the depot and its surroundings, as well as the location of the track, as he was in the habit, daily, of arriving at and departing from the same depot.

Under the evidence, we are clearly of opinion the instruction was proper, and should have been given.

We now come to refused instruction No. 3. The plaintiff had averred, in his declaration, that defendant had not erected a safe platform at its depot in Chicago, as was its duty to do, so that plaintiff could obtain·safe ingress to the car. From the evidence it appeared, that a platform in front of the waiting room provided for passengers had been constructed, eighty or ninety feet long and twenty feet wide. The posts supporting the roof stood several feet from the track, so that passengers were not exposed to danger in getting off or on a train on account of the location of the posts. The platform provided at the place designed for passengers to get on the train was in good order. What more could be required?

The instruction, in substance, directed the jury, if a safe platform had been provided at a convenient and suitable place, where passengers could safely enter the cars when the train was placed in position to receive passengers, the company had fulfilled its duty to plaintiff, so far as platform was concerned. Thus far there certainly can be no objection to the instruction; but it contains another proposition: that it was not the duty of defendant to provide means by which plaintiff could get on board the train of cars while the same was in motion, and on account of this clause we presume it was refused. It is, doubtless, the duty of railroad companies to provide safe platforms at depots and regular stopping places, so that passengers can get on the train with safety to their persons; but if a company

38—90 Ill

was bound to furnish safe platforms for persons to get on a train when in motion, where must this be done? If a person has a right to get on a moving train at one place (not a station or stopping place), he has the same right anywhere along the line of the railroad; and if the company was bound to furnish platforms, the result would be, the entire track would have to be thus provided with platforms. This would be imposing an unnecessary burden upon railroad companies. If a person has no right to get on a moving train, a railroad company is under no obligation to provide means to assist a person in doing something he has no right to do.

We think the instruction was correct, and should have been given.

At the request of the plaintiff, the court gave the following instruction:

"If the jury believe, from the evidence, that the injury to the plaintiff resulted from the joint carelessness of the defendant and the person who, the plaintiff says, crowded plaintiff off the steps, and while plaintiff was in the exercise of ordinary care, the jury should find for the plaintiff."

There is no pretense that there was any connection between the negligence of the railroad company and the negligence of the man who crowded the plaintiff off the car. The negligence imputed to the railroad company was, in erecting a post so near the track that plaintiff, in getting on the train, was thrown between the post and car and injured. The man who crowded plaintiff off the car had nothing to do with the post, nor did the railroad have anything to do with the conduct of the man who pushed plaintiff off the car. There could, therefore, be no joint carelessness. What was, doubtless, intended by the instruction was, that if the carelessness of the man and company both contributed to the injury, then a recovery could be had against the company. Where an act is done by the co-operation of several persons, suit may be brought against one or all of them,—jointly or severally; but

one person is not liable for the injury done by another, unless they act in concert. Where the acts of different persons are entirely distinct and separate, as here, there can be no joint liability. *Yeazel* v. *Alexander*, 58 Ill. 254.

The instruction was calculated to mislead, and should have been refused.

For the error in giving this instruction and refusing instructions two and three of defendant, the judgment will be reversed and the cause remanded.

*Judgment reversed.*