## THE ST. LOUIS BOLT AND IRON COMPANY
## v.
## WILLIAM BURKE.

1. MASTER AND SERVANT—NEGLIGENCE.—Where appellee, an employe of appellant, was directed to perform certain work without directions as to the manner of performing the service, and he of his own will and inclination selected a mode that was dangerous when there was a way and a better way in which to do the work without danger of injury. *Held,* that he did not use ordinary care and prudence and can not recover. Appellant can not be held liable for the voluntary acts of appellee by which he was injured.

2. EVIDENCE—LIABILITY.—As to the averment that appellant caused, and negligently permitted the railroad company to suddenly attach a locomotive, etc., as the evidence shows that the coal cars were dumped in the morning, and after being dumped appellant had no control over them, and the accident happened in the afternoon, appellant can not be held responsible for the action of the railroad company with which it had nothing to do.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 13, 1883.

Mr. MARSHALL W. WEIR, for appellant; that one defendant can not be made liable for an injury occasioned by another unless they act in concert, cited Yeazel v. Alexander, 58 Ill. 254; C. & N. W. R. R. Co. v. Scates, 90 Ill. 586; Phillip, v. Dickerson, 85 Ill. 11.

As to the burden of proof and the rule of comparative negligence: I. & St. L. R. R. Co. v. Evans, 88 Ill. 63; C. B. & Q. R. R. Co. v. Sykes, 96 Ill. 162; C. & N. W. R. R. Co. v. Bliss, 6 Bradwell, 411.

If one knowingly exposes himself to danger which can be readily avoided, and thereby sustains an injury, he must attribute it to his own negligence: City of Bloomington v. Read, 2 Bradwell, 542; Chicago & Tomah R. R. Co. v. Simmons, 11 Bradwell, 147.

A verdict manifestly against the weight of evidence will be reversed: Reynolds v. Lambert, 69 Ill. 495; I. C. R. R. Co.

v. Chambers, 71 Ill. 519; Chicago v. Lavelle, 83. Ill. 482; Stanberry v. Moore, 56 Ill. 472; Q. A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60.

Messrs. G. & G. A. KOERNER, for appellee.

CASEY, J.   Appellee brought suit against appellant and the St. Louis, Alton and Terre Haute Railroad Company in the Circuit Court of St. Clair county.

The declaration contains three counts.  The first count charges that the defendants so carelessly, negligently and improperly managed and operated a locomotive and train of cars, the property of .the railroad company and controlled by the defendants, that said train was driven against the person of plaintiff, who was then and there exercising due care and caution, by reason whereof he was injured, etc.  The second count charges that the plaintiff was in the employ of appellant and on its premises; that the railroad company was the owner of the train of cars; that appellant negligently directed the railroad company to propel said train over the place where the plaintiff was at work, and the railroad company did so negligently propel the train without notice or signal to the plaintiff, by reason whereof, etc.  The third count charges that the plaintiff was in the employ of appellant and was exercising due care; that the railroad company was the owner of the train of cars, which train was then on appellant's premises; that plaintiff was ordered by appellant to go under the train (no locomotive being then attached) and clean off the track on which the train was standing, and while so engaged appellant caused and negligently permitted without signal or warning to plaintiff, the railroad company to suddenly attach a locomotive to the cars and move the train, by reason whereof the plaintiff was injured, etc.

At the September term of the circuit court, 1881, the cause was tried by a jury and a verdict rendered finding the St. Louis, Alton and Terre Haute Railroad Company not guilty and assessing damages against appellant at the sum of $1,000. A motion for a new trial was interposed by appellant which was allowed by the court.

The cause was again submitted to a jury at the February term of said court, 1882, and appellant found guilty, and damages assessed at $1,750. A motion for a new trial was made and refused. Exceptions were taken, and the record is brought here by an appeal.

It is very clear that the evidence does not sustain the averments in the first and second counts in the declaration, and the only question for the determination of this court is, does it authorize a recovery on the third count?

It seems appellant's rolling mill was connected with the railway by a switch, used at least in part for furnishing coal to appellant. The switch was laid near to the furnace of the rolling mill, and at a point opposite the furnace it was considerably above the ground. Under the switch, or railroad, at that point, was a chute extending to the furnace. The chute was above the ground but two feet below the railroad and gradually descended to the ground at the furnace. The coal cars were pulled or pushed or backed over this chute and then dumped or unloaded, the coal falling into the chute on each side of the railway.

Appellee claimed that he was directed by the foreman of appellant to pass the coal down the chute to the furnace and clear the railway track; that in doing so he got up between the coal cars then standing on the track and while so situated an engine was attached, the cars moved and he was injured.

It is certainly not at all clear or satisfactory from the evidence that appellee was instructed to remove the coal or pass it down the chute. He alone testifies that he was instructed to do so, while the superintendent swears positively that he did not direct him to remove the coal, but that he did direct him to screen the scales, the scales being situated some distance from the coal in question. The statement of the superintendent is corroborated by the testimony of the assistant foreman. If it is true that appellee was directed by the superintendent of appellant to screen the scales, and that instead of doing so he was removing the coal and was injured, there could be no recovery in this case, because he was acting in violation of the directions of appellant when injured. But

taking the position that the statements of appellee are true, or that it was a question for the jury to determine from the evidence, still is appellee entitled to recover in this action?

A material averment in the third count of the declaration is, that appellee was ordered by appellant to go under the train (no locomotive being then thereto attached) and clean off the track upon which the train was standing.

There is no pretense even by appellee himself in his testimony that he was ordered or directed to go under the cars and clean the track. Neither is there any testimony showing that it was necessary to go under the cars or to get between the cars to clean the track. Appellee states he was directed to remove the coal. He selected his own mode of doing so. By pulling the coal down the chute under the railway he would not have been exposed to danger, and the testimony shows that was the proper mode of removing the coal from under the track. He voluntarily exposed himself to a danger that he knew, or by reasonable attention or the exercise of ordinary prudence might have known, and he thereby assumed all the risks and can not recover for any injury resulting from his own act. Chicago, & Tomah R. R. Co. v. Simmon, 11 Bradwell, 147.

To recover in this action appellee must have exercised ordinary care and prudence. If he was directed to perform certain work without directions as to the manner of performing the service, and he of his own will and inclination selected, that mode that was dangerous, and was thereby injured when there was a way and a better way in which to do the work, without danger of injury, that would not be ordinary care or prudence, and he ought not to recover. The appellant can not be held responsible for the voluntary acts of appellee by which he was injured.

Appellee must himself use due care and caution to avoid injury. Pennsylvania Co. v. Lynch, 90 Ill. 334.

No reference to authorities is necessary to sustain this point or that the exercise of due care and caution is a matter to be shown by the party seeking to recover.

It is further averred in the said third count that appellant caused and negligently permitted the railroad company to sud-

denly attach a locomotive to the cars without signal or warning to appellee and move the train, by reason whereof he was injured, etc. It does not appear from the evidence that appellant had any control over the engine and cars of the railroad company at the time of the accident. Indeed, the only evidence in the record on that subject shows that appellant had no control whatever over the cars of the railroad company at the time of the accident. The evidence shows that the coal cars were dumped in the morning (the accident happened in the afternoon), and after being dumped appellant had no control over them. And neither is there any evidence in the record that appellant attempted to control the cars in question.

Appellant could not be held responsible for the action of the railway company with which it had nothing to do. C. & N. W. R. R. Co. v. Scates, 90 Ill. 586; Phillips v. Dickerson, 85 Ill. 11; Yeazle v. Alexander, 58 Ill. 254.

For the foregoing reasons we think the judgment of the circuit court should be reversed and the cause remanded.

Reversed and remanded.