30  307
143s 258

# Chicago and Eastern Illinois Railroad Company and Pennsylvania Co.

## v.

## Ellen Conners, Adm'x.

*Railroads—Personal Injuries—Joint Liability.*

Two railroad companies operating parallel roads are not jointly liable for an injury occurring on one of them, merely on the ground that their flag-men watched, and were guided by, the movements of each other.

[Opinion filed March 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. W. H. Lyford, for appellants.

Messrs. Hynes & Dunne, for appellee.

Gary, J.   The appellants are two independent corporations. At the crossing of 35th street in Chicago, the Pennsylvania Company has two tracks, and the other appellant eighteen, further west.   The tracks of the one appellant are separated from the other by the space occupied by four tracks of another company.   Thirty-fifth is an east and west street, and all the tracks cross it at right angles.   No connection between the appellants in the ownership or use of their respective tracks is shown by the evidence beyond the single fact that each of them has a flagman on its own tracks, and that in the nature of things those flagmen must, and in fact do, watch the move-

ments of each other, as well as everything else that is happening in their vicinity.

If out of that mutual observation any such relation between the appellants could arise as would make them jointly responsible for an accident on the tracks of either, if negligence by both flagmen were shown, is not a question upon this record, for no such ground of liability is stated in any count of the declaration.

All of the counts charge that the injury resulted from an engine which the appellants drove along a railroad used and operated by them.

The special charge in the third count, that they improperly directed the deceased to cross their tracks, does not qualify or diminish the general one, that the injury resulted from an engine which the appellants drove along a railroad used and operated by them.

The injury occurred on the tracks of the Pennsylvania Company. With the engine that caused it, or the track on which it was going, the other appellant had no connection, and can not be held responsible under the allegation that they drove the engine or used the track. St. Louis, B. & I. Co. v. Burke, 12 Ill. App. 369.

No intimation as to what any of the facts of the case are, is intended by this opinion; but that watching, and being guided by the signal of a flagman of one road, does not make that flagman the servant of another, in the particular case, is decided in Chicago R. W. Co. v. Volk, 45 Ill. 175.

The verdict and judgment against the Chicago and Eastern Illinois Railroad Company can not be sustained upon this declaration and evidence, and the judgment against both appellants being a unit, must be wholly reversed. Jansen v. Varnum, 89 Ill. 100.

The other questions now made may never arise again, and are left without discussion.

*Reversed and remanded.*