## CITY OF EAST ST. LOUIS
### v.
## WIGGINS FERRY COMPANY.

1. IMPROVEMENTS—DAMAGE TO LOT OWNERS.—In an action by adjacent lot owners for damages occasioned by the construction of approaches to a bridge, evidence of damage caused by the bridge employes throwing dust and dirt from the bridge in baskets is not admissible.

2. DIVERSION OF TRAVEL.—Evidence of damage arising from the diversion of travel and trade is not competent in such action.

3. DEPRESSION IN TRADE.—It is competent in such action to show that the diminution in value of the property arises from the general depression in trade.

4. DAMAGE CAUSED BY VIBRATION OF BRIDGE.—Where the plaintiff claimed damages by reason of the jar caused by the passage of loaded teams over the bridge, it is competent upon cross-examination to show how the opposite approach is constructed; that there is more vibration there, and that buildings at the opposite approach are not injured by the vibration.

ERROR to the City Court of East St. Louis; the Hon. CHARLES T. WARE, Judge, presiding. Opinion filed September 29, 1882.

Mr. M. MILLARD and Mr. J. M. FREELS, for plaintiff in error; argued that the true measure of damages is the difference between the value of 'the land before and after the construction of the improvement, and to ascertain this, the opinions of witnesses is proper, and reference may also be had to the capabilities of the land for future use, and cited Eberhart v. C. M. & St. P. Ry. Co. 70 Ill. 347; Harlam v. G. & S. W. R. R. Co. 64 Ill. 353; Mix v. L. B. & M. Ry. Co. 67 Ill. 320; Page v. C. M. & St. P. Ry. Co. 70 Ill. 324.

Damage caused by diversion of travel is consequential, and no compensation can be allowed therefor: Mills on Eminent Domain, § 191.

Where the property does not abut on the property taken, and is not so contiguous thereto as to receive direct physical injury, no damages can be allowed: Clark v. Saybrook, 21 Conn. 314; Caledonia Ry. Co. v. Ogilvie, 2 Macq. 229; Proprietors, etc., v. Nashua & Lowell Ry. Co. 10 Cush. 385; Bor-

dentown, etc., Co. v. C. & A. R. R. Co. 17 N. J. L. 314; Castle v. Berkshire, 11 Gray, 26; Smith v. Boston, 7 Cush. 254; Coster v. Albany, 43 N. Y. 399; Kennetts' Petition, 24 N. H. 139; Jackson v. Jackson, 16 Ohio St. 163; Barr v. City of Oskaloosa, 45 Iowa, 275; *In re* N. Y. C. R. R. 13 N. Y. 149; Village of Hyde Park v. Dunham, 85 Ill. 570.

Where municipal authorities grant permission to lay railway tracks along a street, the owners of abutting lots can not be allowed damages for such use of the street: C. B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; Chicago v. Rumsey, 87 Ill. 348; Parrott v. C. H. & D. R. R. Co. 10 Ohio St. 624; Bordentown, etc., Co. v. C. & A. R. R. Co. 17 N. J. L. 314.

Mr. R. A. HALBERT, for defendant in error; that where the evidence is conflicting, it is for the jury to decide which they will believe, cited Green v. Chicago, 97 Ill. 373.

The examination of the premises by the jury has the effect of evidence: Mitchell v. I. & St. L. R. R. Co. 85 Ill. 567; C. &. I. R. R. Co. v. Hopkins, 90 Ill. 323.

Damages are not confined to abutting lots nor to direct physical injuries: Rigney v. Chicago, 102 Ill. 64; Stack v. City of E. St. Louis, 85 Ill. 377; Winkel v. City of Pekin, 77 Ill. 56; Shawneetown v. Mason, 82 Ill. 377.

BAKER, P. J.    This was a suit by the Wiggins Ferry Company against the City of East St. Louis to recover damages sustained by it as owner of certain lots of land, occasioned by the building of the approaches to the Illinois & St. Louis Bridge over and along Crook street in said city. See Stack v. City of East St. Louis, 85 Ill. 377. A jury trial resulted in a verdict and judgment for $10,610. On the trial of the case, the court, against the objections of defendant, permitted the plaintiff to prove damages to its lots caused by dust and dirt thrown by employes of the Bridge Company from the bridge in baskets; and, upon the close of the evidence, the court overruled the motion of defendant to exclude from the consideration of the jury all testimony tending to prove damages to the property in question occasioned by such throwing of dirt

in baskets, and also damages arising from the diversion of trade and travel caused by the opening and use of the bridge. These several rulings of the court were erroneous. Winstanley & Lockhead v. City of East St. Louis, 7 Brad. 83. On the cross-examination of John B. Lovingston, the court refused to allow defendant to ask him what values he put on some of the lots in question at the time he was a witness in certain condemnation proceedings at or about the time of the building of the bridge; or to ask whether a certain incline was a better thoroughfare for travel since the bridge approach was built and the filling was done, than it was before. These rulings of the court were erroneous. On the cross-examination of John Dehour, defendant was not allowed by the court to show that the diminution in value of a certain lot arose from the general depression in trade. This, of course, was error.

A portion of the claim of plaintiff was for damages occasioned by the passage of loaded wagons, locomotives, cars and trains over the superstructure of the bridge approach, whereby its lots were so shaken as to be greatly injured for building purposes. Plaintiff had introduced testimony tending to prove this claim. Thereupon defendant offered to prove how the bridge approach was constructed on the other side of the river in the city of St. Louis, and that there is more vibration there to the adjoining property on account of the operation of trains which cross the bridge than there is on the Illinois side, and that the three, four, five and six story brick buildings in St. Louis, close to the bridge approach, are not injured by the vibrations. This testimony was objected to and the objection sustained. This, also, was error, more especially in view of the character of the evidence that had gone to the jury on behalf of plaintiff, bearing on this issue. Differences arising from diversity of soil or geological formation, if any, or otherwise, could readily have been ascertained on cross-examination, or by the introduction of rebutting testimony. Besides the proffered testimony included the proposition, the vibrations were greater on the west than on the east side of the river.

Defendant also proposed to prove that the vibrations caused

by the Belt Railway are greater in the vicinity of Crook street than the vibrations of the bridge approach. This testimony was not permitted by the court to go to the jury. If, as some of plaintiff's witnesses had testified, buildings, walls, plastering and chimneys on plaintiff's lots, and on other lots on Crook street and in the immediate vicinity of plaintiff's property had been cracked and damaged by vibrations, then surely it was competent to show the greater part of these vibrations were occasioned by trains on the Belt Railway, and not by travel over the bridge approach. The ruling of the court in this regard was erroneous. We see no substantial objections to the instructions given by the court for the plaintiff. It is urged by defendant that damages can be recovered by plaintiff only for injuries to lots actually fronting or abutting on Crook street. The law in this State is otherwise. Rigney v. City of Chicago, 102 Ill. 64. For the errors suggested herein the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.