# The Chicago and Northwestern Railway Company

## v.

## Lena Thorson, Adm'x.

Negligence—Ordinary care.—To maintain an action for damages caused by the negligence of the defendant, when there is no willful tort, it is incumbent upon the plaintiff to show that the deceased was in the exercise of ordinary care to avoid the injury at the time of its occurrence.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding. Opinion filed November 29, 1882.

This action was brought in the court below by appellee as administratrix of the estate of John Thorson, deceased, against the appellant, for negligently causing the death of John Thorson, to the damage of his widow and next of kin. The declaration contained several counts, in three of which the negligence specified was the running of a locomotive and car, by appellant's servants, within the city of Chicago, and in the night time, without having a brilliant and conspicuous light on the forward end of such locomotive engine or car, as required by an ordinance of said city, which provided that "every locomotive, engine, railroad car or train of cars running in the night time, on any railroad track in said city, shall have and keep while so running, a brilliant and conspicuous light on the forward end of such locomotive engine, car or train of cars," by reason whereof deceased was struck, February 16, 1881, while properly on the track of appellant as a section boss, for the purpose of his duties as such, and while in the exercise of ordinary care, and thereby injured and killed. Other counts charged negligence in failing to ring the bell, and general negligence.

On the trial evidence was given on behalf of appellee, with a view to proving the specific kind of negligence averred in the several counts of the declaration; but as to which appellant's evidence conflicted in every essential particular, and the latter clearly preponderated in showing that the injury happened after six o'clock in the morning of said 16th day of February, and as late as from twenty to twenty-five minutes past that hour. The court gave to the jury on behalf of the plaintiff below the following instructions:

1st. "If the jury shall believe from the evidence that the deceased was rightfully upon the track at the point at which he was struck, and that he was guilty of negligence which contributed to his death, the plaintiff can not recover, unless the jury also believe from the evidence that the death was caused by gross negligence on the part of the defendant; and

not even in that case unless the negligence of the deceased was, as compared with that of the defendant, slight; but if the jury shall believe from the evidence that the deceased was not guilty of any negligence which contributed to his death, and shall further find from the evidence that he was not a trespasser upon the track, but was upon it in the proper pursuit of his work for the defendant company, and that his death was caused by negligence on the part of the defendant, or if the death was caused by gross negligence on the part of the defendant, and the deceased was guilty of only such negligence as, in comparison with that of the defendant, was slight, then, if the plaintiff was his wife, and the boy Charles Thorson is a child of their marriage, the plaintiff is entitled to recover such damages, etc.

2d.  "What constitutes negligence either slight or gross, is a question to be determined by the jury, from all the evidence in the case, and the court is not to tell the jury what is negligence, except to say that to do any act in a manner expressly forbidden by law is negligence.   Hence, if the jury shall find from the evidence, that it was not daylight at the time of the accident, but was night time, and that the defendant was running its locomotive *with* a head-light or light on the end of the locomotive, which was foremost as it moved, that would be negligence; or if the defendant was running its trains within the city limits without ringing the bell on the locomotive, that would be negligence; but such negligence, even if found by the jury, will not entitle the plaintiff to recover unless the jury further find from the evidence that the injury was caused by such negligence, and that the deceased was guilty of no negligence on his part, or, if guilty of any, that it was only slight in comparison with that of defendant, and that of defendant was gross."

The jury found the defendant below guilty, and assessed plaintiff's damages at $3,000.   The court overruling defendant's motion for a new trial, gave judgment on the verdict, and defendant prosecutes this appeal.

Mr. A. M. Herrington and Mr. B. C. Cook, for appellant; that where a party has been injured by a want of ordinary

care, no action will lie unless the injury is willfully inflicted, cited Railroad Co. v. Manley, 58 Ill. 300; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

Gross negligence is not the subject of comparison; it is the want of slight diligence: Shearman & Redfield on Negligence, § 16; Cooley on Torts, 631; R. R. Co. v. Rockafellow, 17 Ill. 541; R. R. Co. v. Evans, 88 Ill. 65; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 381.

Where a railroad track crosses a street all persons should use greater precautions in crossing over the track: Garland v. C. & N. W. Ry. Co. 5 Bradwell, 591; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 381; Ry. Co. v. Zoffinger, 10 Bradwell, 254; C. & N. W. Ry. Co. v. Sweeney, 52 Ill. 328; Ry. Co. v. Donahue, 75 Ill. 106; Ry. Co. v. Hetherington, 83 Ill. 510.

Railway employes are as worthy of belief as other agents: Murray v. McClean, 57 Ill. 378; Tucker v. Duncan, 14 Cent. Law Jour. 13; Evans v. George, 80 Ill. 51; Hartford Life Insurance Co. v. Gray, 80 Ill. 28.

A person when about to cross a railroad track must look for approaching trains: C. & A. R. R. Co. v. McLaughlin, 47 Ill. 265; T. W. & W. Ry. Co. v. Grable, 88 Ill. 441; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 429; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

Mr. JOHN R. PARKER, for appellee; that a clerical error in an instruction which did not mislead is no ground for a reversal, cited McKenzie v. Remington, 79 Ill. 388; Bowden v. Bowden, 75 Ill. 143; Nichols v. Mercer, 44 Ill. 250.

McALLISTER, J. It seems to be a settled rule of law in this State now, that to enable a plaintiff to recover damages on the ground of mere negligence, as distinguished from the willful tort of the defendant, it must appear that the injured party exercised ordinary care, such as reasonably prudent persons would exercise under like circumstances, to avoid the injury complained of. C. B. & Q. R. R. Co. v. Johnson, Adm., 103 Ill. 512, and cases there cited.

There was no evidence in this case tending to show any willful tort on the part of the defendant, and it is plain that

no such tort was relied upon as the basis of the action.    The
cause of action was predicated upon the mere negligence of
the defendant.    Now, as we understand the above rule and its
applicability in a case like this, and the other rules relating to
the law of negligence, as deduced and announced in the very
able and discriminating opinion of Mr. Justice Scholfield in
Johnson's case, *supra*, the plaintiff herein, in order to main-
tain her action, was subject to the burden of making it appear
from facts and circumstances in evidence that the deceased
was in the exercise of ordinary care to avoid the injury at the
time of its occurrence.    And we further understand from the
Johnson case that, if the deceased was not in the exercise of
ordinary care to avoid the injury as above stated, the doctrine
of comparative negligence, as formulated by the Supreme
Court in this State, will have no application to the case;
since, by the rule first above stated, there could be no recov-
ery on the ground of the mere negligence of the defendant,
if the deceased was not in the exercise of such ordinary care
to avoid the injury at the time of its occurrence.    This rule
is to be understood as subject to the condition that there was
a proximate connection between such want of care and the in-
jury complained of.    The exercise of such care on the part of
the deceased was, therefore, an indispensable element of the
plaintiff's cause of action, to be determined by the jury from
the relation of the parties, the nature of the situation of the
deceased, as respected danger or otherwise, and all the circum-
stances attending the accident as shown by the evidence.    If
the exercise of such care on the part of the deceased was an
indispensable element of the cause of action, to be so deter-
mined by the jury, then it follows that the question should have
been submitted to the jury in any instructions given by the
court to the jury, on behalf of the plaintiff, in which the court
purported to direct the jury as to what facts, if found by
them, would be sufficient in law to warrant a verdict for the
plaintiff.    The instructions so given for the plaintiff, neither
of them contained any hypothesis embracing that question,
and were for that reason fatally defective.

The second instruction for plaintiff was also erroneous,

in that it directed the jury, that if they found that defendant was running its locomotive with a head-light or light on the end thereof, which was foremost as it moved, that would be negligence; that is, it would be negligence if it was run in the manner required by the ordinance set out in the declaration. It is said by appellee's counsel, that the instruction was so drawn by mistake; and he says, outside of the record, that the word, "*with*" was read to the jury "*without*." The instruction having been so drawn, marked by the court as given, and thus incorporated into the record, we are not at liberty to listen to any suggestion, that it was read to the jury otherwise than in the very words in which it appears in the record. American v. Rimpert, 75 Ill. 229.

Other points for reversal have been discussed by appellant's counsel, but which we do not deem it necessary to consider. For the errors specified, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*