CITY OF CHICAGO

*v.*

JAMES W. McDonough *et al.*

*Filed at Ottawa November 17, 1884.*

1. PLEADING—*of the declaration—in suit to recover for injury to a reversionary interest.* In order to recover for an injury done to a reversionary interest in land, the declaration must either state an injury of such a nature as to be necessarily injurious to the reversion, or must explicitly allege that the acts complained of were injurious to the reversion. If, however, it sets up an injury of such a permanent nature as to be necessarily injurious to the reversion, it will be sufficient.

2. EVIDENCE—*to show damage to a reversionary interest.* In an action on the case by a reversioner, against a city, to recover damages caused by the construction of a viaduct near the property, and raising the grade of the street

so as to render access to the building on the premises difficult, testimony of witnesses that the property, taken as a whole, was damaged, and stating the damage, was held competent to show the damage to the reversion.

3. SAME—*as to testimony distinguishing between damage to the present possession and the reversion.* The lease of the property was given in evidence, and proof made of the damage to the rental value, as well as evidence of the damage to the property by the depreciation of its market value: *Held*, that the evidence furnished data from which the jury might calculate the damage to the reversion separate from that to the possession.

4. At the commencement of the trial the plaintiff's counsel stated to the court and jury that no claim was made for injury to the present possession of the premises, and then proved by witnesses the damage to the property as a whole, which testimony was objected to, generally, "as including too much," and on account of the "lease matter," without distinctly asking to have the evidence confined to the injury to the reversion: *Held*, there was no error in the admission of the evidence, as the defendant had the right, on cross-examination, to have the testimony made restrictive to the two species of damages, and as damages to the possession had been disclaimed in open court.

5. INSTRUCTION—*stating the rule too broadly—cured by another limiting its application.* In an action by the reversioner to recover damages done to property then in the possession of lessees under an unexpired lease, the court instructed the jury that if they believed, from the evidence, "that said premises were permanently damaged and injured, and the market value thereof lessened, by reason of the acts of the" defendant, they should find for the plaintiff. The plaintiff openly, on the trial, stated that he made no claim for damages to the leasehold interest, and the court, for the defendant, instructed the jury "that the plaintiff can not recover any damages in respect of said leasehold interest, for the period of said term," etc.; "and the question for the jury to determine is, whether any, and if so, what, damage has been done" by the acts complained of, to the premises, "subject to the lease:" *Held*, that the latter instruction cured the defect in the other.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. FRANCIS S. WINSTON, for the appellant:

Appellees declared as the absolute owners of the premises in question, introduced their evidence, asked for their instruction, and recovered upon the theory of damage to the entire estate, yet had but the reversion to the estate.

The declaration should have alleged an injury to the plaintiffs' reversionary estate. *Jackson* v. *Pesked*, 1 M. & S. 234; *Potts* v. *Clark*, Spencer, (N. J.) 536; *Tinsman* v. *Railroad Co.* 1 Dutch. 255.

The admission of the improper evidence was not cured by the defendants' instruction. *Fire Ins. Co.* v. *Rubin*, 79 Ill. 402; *Railroad Co.* v. *Winslow*, 66 id. 219; *Railroad Co.* v. *McLaughlin*, 77 id. 275.

There was a fatal variance between the declaration and the proof. Plaintiffs declared as absolute owners, and the evidence showed them to be the owners of the reversion only. *McConnell* v. *Kibbe*, 33 Ill. 175; *Railroad Co.* v. *Todd*, 91 id. 70; *Lyon* v. *Kain*, 36 id. 362; *Murphy* v. *Orr*, 32 id. 439; *Rupert* v. *Mark*, 15 id. 540; *Ballance* v. *Rankin*, 12 id. 420.

Plaintiffs' instruction was erroneous in not confining the finding of damages to the reversion. *Cooper* v. *Randall*, 59 Ill. 317.

Mr. FARLIN Q. BALL, for the appellees:

There is no merit in the point that appellees recovered damages for an injury to the possession. Such damages were disclaimed at the beginning of the trial, and was so understood by the jury. The attention of every witness was directed to the acts of permanent damage, only, and the jury were allowed to visit the premises.

The declaration must allege that the injury was done to the reversion, or must state an injury of such a permanent nature as to be necessarily injurious to the reversion. *Railroad Co.* v. *Loeb*, 8 Bradw. 627; *Railroad Co.* v. *McLaughlin*, 77 Ill. 275.

The city, by its instructions, cured any infirmity in that given for the plaintiffs. *Latham* v. *Roach*, 72 Ill. 179.

If substantial justice has been done, this court will not reverse for an error in an instruction. *Schwartz* v. *Schwartz*, 26 Ill. 81; *Hall* v. *Sroufe*, 52 id. 421.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action in case, brought by the plaintiffs, against the city of Chicago, to recover for certain damages alleged to have been caused to the plaintiffs' property by the erection of the Harrison street viaduct by the city.

Canal street, in the city of Chicago, runs north and south, near the south branch of the river, and west of it. Harrison street runs east and west, crossing the south branch and Canal street at right angles. The property in question lies seventy-five feet north of Harrison street, on the east side of Canal street. It is a lot fifty feet front on Canal street, by a depth of one hundred feet, to a twenty-foot alley, with a four-story brick building on the lot. Harrison street, about eight hundred feet east of where it intersects Canal street, crosses the south branch of the river, by a bridge. West of such bridge, and covering a breadth of some six hundred feet, were a great number of railway tracks, running, substantially, parallel with Canal street. In 1881 the city constructed a viaduct along Harrison street, over the railway tracks mentioned, the structure extending from the river bridge to Canal street, carrying the roadway of Harrison street some fifteen feet above its former level, and over such tracks. The declaration alleges, that on account of the construction of the viaduct on Harrison street, with its approaches on Canal street, access to the property was obstructed by reason of the raising of the grade on Canal street, and by closing the public alley in the rear, leading into Harrison street, and that the defendant carried away and converted to its own use a stone sidewalk in front of the property. The premises in question were under a lease to Eastman & Wilkins, from October 7, 1878, for a term of five years, at a rental of $1500 per annum. There was a verdict in the Superior Court, for $10,000, upon which judgment was entered. The judgment was affirmed by the Appellate Court for the First District, and the defendant appealed to this court.

The point is made by appellant, that the plaintiffs have in this judgment recovered damages for injuries done to the possession; that the plaintiffs declared as absolute owners of the premises, introduced their evidence, asked and had given their instruction, and recovered upon the theory of damage to the entire estate. Respecting the declaration, we understand the rule to be, that in order to recover for an injury done to the reversion, the declaration must either state an injury of such a nature as to be necessarily injurious to the reversion, or must explicitly allege that it was injurious to the reversion. *Tinsman* v. *Railway Co.* 1 Dutch. (N. J.) 255. The declaration in the present case sets up an injury of such a permanent nature as to be necessarily injurious to the reversion, which we conceive to be sufficient in this respect.

As to evidence, the counsel for the plaintiffs, while their first witness was on the stand, stated in open court, to the court and jury, that Eastman & Wilkins had a lease of these premises, which ran until October, 1883, and that no claim was made for injury to the present possession. The testimony to which exception is taken, is that of plaintiffs' witnesses that the property, taken as a whole, was damaged by the erection of the viaduct, and stating the amount of the damage. This was competent evidence to show damage to the reversion. Defendant made only a general objection to it "as including too much," and on account of the "lease matter." Had it desired there should be discrimination made between damage to the reversion and that to the possession, and that the evidence should be strictly limited to the former, it should have specifically so asked, instead of making the general objection it did. There was full opportunity, on cross-examination, to have the testimony made restrictive in respect of the two species of damage; and the general announcement which had been made, that there was no claim for injury to the present possession, should, of itself, control the application of the evidence to damage to the reversion.

The opinions of witnesses of the damage to the reversion distinctively from that to the possession, had they been given, might have been some relief to the jury in their work; but the lease was in evidence before them, and evidence of the amount of damage to the rental value, which, with the evidence of the damage to the property by the depreciation of its market value, would furnish data to the jury from which they might calculate the damage to the reversion separate from that to the possession. We perceive no error in the admission of testimony.

Exception is taken to the instruction given for the plaintiffs, that if the jury believed, from the evidence, "that said premises were permanently damaged and injured, and the market value thereof lessened by reason of the acts of the city," they should find for the plaintiffs. This instruction is rather broad, and might more properly, by its terms, have been confined to the injury to the reversion; but it should be taken in view of the general disclaimer which had been made at the beginning of the trial, of any recovery for injury to the possession. Besides, there was all the needed qualification of the instruction in the one given for the defendant, "that the plaintiffs can not recover any damages in respect of said leasehold interest for the period of said term from October 7, 1878, until October 7, 1883; * * * and the question for the jury to determine is, whether any, and if so, what, damage has been occasioned by the construction of the Harrison street viaduct and its approaches, to the premises in question, subject to the lease." This latter instruction appears to cure the defect complained of in the instruction for plaintiffs, and the instructions are not contradictory. The one explains the other.

There are some minor objections as to the admission of testimony, which we do not perceive to be of material force.

It may be that the jury, in fact, awarded to plaintiffs all the damages done to the premises, both in possession and

reversion, by the improvement in question; but we do not think, as claimed by appellant, that the jury were allowed to do so under the evidence and under plaintiffs' instruction. From what took place on the trial, and from defendant's instruction, it may properly be said that the presentation of the case to the jury was, that the recovery of damages was limited to the injury to the reversion.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*