GARFIELD MANUFACTURING CO. ET AL.

v.

JOHN H. McLEAN.

NEGLIGENCE.—The rule of comparative negligence has no application and can not be properly invoked except in cases where the party injured observed ordinary care with reference to the particular circumstances involved for his personal safety.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed March 31, 1886.

This was an action by appellee, McLean, against the Garfield Manufacturing Company and the city of Chicago, to recover for personal injuries received May 6, 1884, by plaintiff, by reason, as it was alleged, of negligence on the part of defendants in not having sufficient guards around areas to a certain building in possession of said Garfield Manufacturing Company, which abutted upon a public alley. There was a

trial resulting in a verdict and judgment against the defendants for fifteen hundred dollars besides costs, and they bring the case to this court by appeal.

The evidence is preserved by bill of exceptions from which it appears that the building in question is situated and fronting upon the north side of West Washington street, in the city of Chicago, and extends north seventy-six feet, with a public alley eighteen feet wide running along the west side of the building north from said Washington street to Randolph, upon which the west side of the building abuts, and that on that side of the building there were in all eight openings or areas for light and air, the north one of which was four feet deep, three feet and nine inches in length, and twenty-two inches wide. This was used for putting coal into the building; the others, which were similar to it, were for light and air. It appears that at the time in question the plaintiff, who was engaged in taking his goods from a saloon which he had been occupying, came with a load about eleven o'clock at night to be put into the rear of a warehouse situated directly north of the Garfield Manufacturing Co.'s building, the rear entrance to which warehouse was from said alley, and that the wagon or truck stood near the rear of said Garfield building and not far from said north area, and having been partly unloaded some difficulty arose about paying the warehousemen, and this caused plaintiff to bestir himself to attend to it, and in moving about he fell into said north area and was hurt; that there was no barrier to prevent, or other guard about said area. The defendants introduced evidence tending to show that plaintiff was greatly under the influence of liquor, and that the injury was the result of his own carelessness. But upon that question there was a conflict of testimony.

The court at the instance of the plaintiff gave to the jury, among others, the following instructions:

" 5. Even though the jury should believe from the evidence that plaintiff was himself guilty of some degree of negligence at the time the injury occurred, that, of itself, does not prevent his maintaining and recovering in an action against the party or parties whose negligence (if there was

such) directly occasioned the injury, provided the jury believ-.from the evidence that in comparing the negligence of plaint iff with that of the defendants or either of them (if such there was), that the fault or negligence of plaintiff (if there was such) was slight, and that the fault and negligence of the defendants or either of them (if such there was) was gross."

"6. The jury are instructed that in this case two parties are sued. The grounds upon which each defendant party may be found guilty are given in the foregoing instructions, and acting upon those instructions, the jury may, if the evidence so warrants, find both parties guilty or only one of them guilty, or may find neither guilty. But if under those instructions and all the evidence in this case, the jury find both parties guilty, as alleged in the declaration filed in this case, then there should be one joint and entire verdict, and one and the same sum should be assessed as damages against both."

Error is assigned upon the giving those instructions and that the damages are excessive.

Messrs. LYMAN & JACKSON and Mr. HEMPSTEAD WASHBURNE, for appellants.

Mr. JOHN LYLE KING, for appellee.

McALLISTER, J.   The review of the cases in this State and the discussion which the doctrine of negligence in most of its phases received in the Supreme Court, in the elaborate and carefully prepared opinion of Mr. Justice Scholfield in the recent case of the Calumet Iron and Steel Co. v. Martin, Adm'x, Northwestern Reporter, Vol. 3, p. 456, seem to us to establish beyond doubt or question, the correctness of the proposition that the rule of comparative negligence has no application and can not be properly invoked except in cases where the party injured observed ordinary care with reference to the particular circumstances involved, for his personal safety; that the exercise of such care is an indispensable prerequisite to a right of recovery in any case upon the ground of mere negligence; that having exercised such care, that is,

ordinary care, the party injured will not be defeated by mere slight contributory negligence on his part, if that of the defendant when compared with his shall be gross.

Tested by these rules, the fifth instruction given for plaintiff below, as emphasized by the sixth, was clearly erroneous and misleading. It contains no hypothesis as to the exercise of ordinary care by the plaintiff. Chicago & N. W. Ry. Co. v. Thorson, 11 Bradwell, 631, but invoked and applied the rule of comparative negligence.

The evidence being conflicting upon the question of such care, and it being extremely doubtful if it preponderated at all in favor of plaintiff, we would have been compelled to reverse even if the damages had been moderate. But they are not; they are large in proportion to the injury or any fault on the part of the defendants claimed to have caused it.

The judgment will be reversed and the cause remanded.

Judgment reversed.