CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

SAMUEL WARNER.

*Master and Servant—Action for Personal Injury—Comparative Negligence—Instructions—Sufficiency of—Duty of Master as to Machinery Furnished.*

1. The jury should not be left to apply the doctrine of comparative negligence without being told that in no event can the plaintiff recover if he has failed to exercise ordinary care.

2. Where the instructions, considered as a series, do not present contradictory propositions between which the jury may choose. and where, when so considered, they fully and fairly state the law, an omission of one of them is not a ground of objection.

3. In the case presented, it is *held:* That the jury were sufficiently instructed; that there was no substantial error in the modification and refusal of instructions asked; that a certain modification as to the master's duty, touching the kind of machinery furnished, could not have prejudiced the defendant; and that the allowance of $6,500 as damages is not so excessive as to warrant the interference of this court.

[Opinion filed May 18, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. MELVILLE W. FULLER, for appellant.

Mr. W. S. JOHNSON, for appellee.

MORAN, J. Appellee was injured about 2 o'clock in the morning of August 20, 1875, while serving the appellant company in the capacity of freight conductor. He was, at the time of the accident, endeavoring to uncouple and detach a car from the train of which he had charge, while the said train was in motion. He had climbed up on the ladder on the side and near the end of the car, and when about half way to the top he swung himself around the corner of the car expecting

to grasp with his hand a handle which he supposed was on the end of the car, and to get foot-rest upon a step which he also supposed was on the end and to pass on to the deadwood in the center of the car where the uncoupling had to be made. There was neither step nor handle on the car end, and appellee, having no means of holding on, fell on the track between the rails, and his arm was injured as the train passed over him by coming in contact with the iron rod, which ran through the center of the brake-beam to such an extent that it was necessary to amputate it near the shoulder. The negligence charged, and on which appellee relies as a basis of recovery, is the failure by the company to provide the car with end steps and handle to be used in making couplings. The case went to judgment in the Circuit Court once before, and on appeal was reversed by the Supreme Court for error committed by the trial court in refusing an instruction asked by the defendant company. C., B. & Q. R. R. Co. v. Warner, 108 Ill. 538.

On this appeal it is contended that the Circuit Court erred in giving, refusing and modifying instructions, and that the verdict is against the evidence. There is a conflict of evidence on several questions, more or less material in the case, and the verdict must be held to have settled such conflict in favor of appellee, unless such errors of law appear in the record, as shall require a reversal. Three instructions were given by the court on appellee's request. The second, of the giving of which appellee complains, is a form of instruction on the law of comparative negligence which has frequently been approved by the Supreme Court. Appellant's complaint is that it does not contain the hypothesis of ordinary care on plaintiff's part. The instruction does not purport to state all the elements which would entitle the plaintiff to recover, or all the elements of a cause of action. It is a statement that if the plaintiff was guilty of some negligence and the defendant was guilty of gross negligence, which contributed to the injury, and that plaintiff's negligence was slight as compared with defendant's, "then such negligence on the part of the plaintiff will not prevent a recovery in this case." The defendant's third instruction given is as follows: "The jury are instructed that

the plaintiff, to recover in this case, is bound to establish by a preponderance of evidence, both that the defendant was guilty of negligence as charged in the declaration filed in the case, and that he, the plaintiff, was in the exercise of all reasonable and ordinary care at the time of the accident; and unless the jury find from the evidence and under the instructions of the court that the plaintiff has established both of these facts by a preponderance of evidence, the verdict should be for the defendant." It will be seen that the requirement of ordinary care on the plaintiff's part is very pointedly stated to the jury in the foregoing instruction. They are told that unless the plaintiff has established by a preponderance of the evidence that he was in the exercise of reasonable and ordinary care at the time of the accident, the verdict should be for the defendant.

These two instructions, plaintiff's second and defendant's third, are not contradictory of each other, are in no way in conflict, and each states the law correctly on the points which it purports to cover, and in both, the whole law as to ordinary care and comparative negligence was correctly given to the jury. In other of the instructions given for the defendant, the necessity of the plaintiff's having been in the exercise of ordinary care for his safety is stated to the jury as essential to his right of recovery, and the contrary is nowhere stated in any instruction, nor is it in any manner implied unless it can be from said second instruction. Under such conditions we do not think it possible that from the giving of plaintiff's second instruction the jury could have inferred that he might recover even if he failed to exercise ordinary care. In C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, each of the three instructions given for the plaintiff contained this proposition: "But if the jury believe from the evidence that Johnson did not exercise ordinary care, yet that Johnson's negligence was slight and that the negligence of the defendant was gross in comparison with each other, then the plaintiff must recover and the verdict must be for the plaintiff." These instructions were manifestly bad and were so held by the Supreme Court, the exercise of ordinary care by the plaintiff being an essential

element to the right of action in all cases where the recovery is sought on the ground of mere negligence. Where the instruction on comparative negligence is given, and no instruction is given in the case which tells the jury that there can be no recovery unless plaintiff was in the exercise of ordinary care, there may be a misleading implication arising from the giving of such comparative negligence, instructions without the hypothesis of ordinary care.

Such appears to have been the case in C. & N. W. R. R. Co. v. Thorson, 11 Ill. App. 631, and Garfield Mfg. Co. v. McLean, 18 Ill. App. 447. The jury should not be left to apply the doctrine of comparative negligence without being told that in no event can the plaintiff recover if he has failed to exercise ordinary care, but where, as in this case, the instructions considered as a series fully and fairly state the law, and where there is no conflict in the instructions, when so considered, no contradictory propositions between which the jury may choose, we are inclined to the opinion that the jury could not be misled, and that the rights of the defendant have been in no manner prejudiced by the omission of the requirement of the exercise of ordinary care by the plaintiff from the said plaintiff's second instruction. C. & A. R. R. Co. v. Johnson, 116 Ill. 206; T., W. & W. R'y Co. v. Ingraham, 77 Ill. 309; C., B. & Q. R. R. Co. v. Avery, 109 Ill. 314; City of Chicago v. McDonough, 112 Ill. 85.

It is contended that the court erroneously modified defendant's seventh instruction. The portion of the instruction containing the modification complained of is as follows (the words inserted by the court being in italics): "The jury are instructed as a matter of law that a railroad company is under no obligation to its employes to provide the *very* best and safest appliances for its freight cars *that could be produced*, and if the jury believe," etc. Counsel argues that the modification is error, not for what the instruction is made to say, but for what may be implied from it. From the words used the jury might infer the converse of the proposition and hold the company bound to furnish the very best and safest appliances, not that could be produced, but that were known to exist.

The modification was unnecessary and if the instruction stood alone, the erroneous implication might have misled the jury, but it is negative in form, stating not what the duty is, but what it is not, and other instructions given for the plaintiff and the defendant state the duty in that regard in positive terms. In plaintiff's first instruction " the court instructs the jury that it is the duty of railroad companies to use all reasonable care and diligence to furnish good and reasonably well-constructed machinery adapted to the purposes of its use; and while they are not required to seek and apply every new invention they must adopt such machinery and appliances as are found by experience to be reasonably safe and reasonably well adapted for the purpose for which they are used." And in defendant's fifth instruction it is said on this subject that " the master's obligation is not to supply the servant with absolutely safe machinery or with any particular kind of machinery, but his obligation is to use ordinary and reasonable care not to subject the servant to extraordinary or unreasonable danger." In view of these instructions the modification was, in our opinion, harmless to the defendant. In this case the court gave ten instructions requested by defendant without modification, and gave nine others with modifications. Six instructions asked by defendant were refused. Complaint is made of the modification by the court of the nine instructions which were modified. It would serve no useful purpose to discuss these instructions and their modifications *seriatim.* We have examined all the instructions modified and refused, and we find no error in the action of the court in that regard, which, in our opinion, would authorize a reversal of this case. Some of the instructions modified were properly modified and it would have been error to give them without such modification. Some others might have been given without modification, but the modification of them in no way prejudiced the defendant. We think the jury were sufficiently, even abundantly, instructed on every material phase of the case in the nineteen instructions given for the defendant and the three given for the plaintiff.

The damages are quite large—appellant argues they are

excessive—but we do not feel warranted in interfering with the verdict on that ground.

We are of opinion that there is no error and the judgment of the Circuit Court must, therefore, be affirmed.

*Judgment affirmed.*