# ELISE BURCKY

## v.

# THE TOWN OF LAKE.

*Municipal Corporations — Closing of Street — Viaduct—Damages to Adjacent Property—Measure of—Instructions.*

In an action against a municipal corporation to recover damages to lands because of the closing of part of a street and the erection of a viaduct over railway tracks crossing such street, it is *held:* That the closing of the street and the erection of the viaduct must be considered as a whole; that as long as the lands remained undivided the plaintiff was entitled to the benefit of all adjacent highways for access to the whole block; that the defendant is not exempt from liability merely because the viaduct was built on private property; and that the plaintiff is entitled to recover, if damages resulted from the improvement, although subsequent improvements have more than offset such damages.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ALEX. CLARK, for appellant.

Mr. R. P. HALLETT, for appellee.

GARNETT, P. J.   Appellant was plaintiff in the court below in an action against appellee to recover damages alleged to have been suffered by her land situated at the northwest

corner of State and Sixty-first streets in said town, caused by the closing of a portion of Sixty-first street and the erection of a viaduct on a strip of land adjoining the south line of that street. The land said to be affected fronts 337 feet on State by 558 feet on Sixty-first, and was owned by appellant prior to, and at the time of the commencement of this suit. A little distance west of this land, several railroad tracks belonging to the Chicago, Rock Island & Pacific Railroad Company, and the Lake Shore & Michigan Southern Railroad Company crossed Sixty-first street at about right angles, and immediately south of and adjoining the street those companies owned a large tract of land and an extensive yard furnished with numerous tracks to facilitate switching and other usual railroad business.

The town and the companies considering the railroad crossing at Sixty-first street dangerous, on the 26th day of February, 1885, a contract (admitted to have been in all respects duly authorized and properly executed) was entered into between said companies and appellee, wherein the companies agreed to erect, according to a plan attached to the agreement, on a strip of land twenty-five feet wide belonging to them and adjoining the south line of Sixty-first street, a viaduct extending from a point 170 feet east of the east line of Wentworth avenue to a point 210 feet west of the west line of State street, the town agreeing to build the approaches thereto from Wentworth avenue and State street; when completed it was agreed that the viaduct and approaches should become a public highway, and that the town should have full and exclusive control thereof, and should forever, at its own expense, maintain and repair the same, and pay all damage that might result to any person, except said companies, from the construction and continuance of the viaduct and approaches; it was also agreed by the town, that as soon as the companies should complete their part of the work in building the viaduct, it would, by proper ordinance, vacate that part of Sixty-first street commencing 139 feet east of the east line of La Salle street and running to a point 198 feet further east, the latter point joining the west line of appellant's land. In pursuance of the

Burcky v. Town of Lake.

contract the viaduct was built and completed about November 1, 1885, and by ordinance passed December 30, 1885, the 198 feet of Sixty-first street above described, was vacated. By this means all access to the plaintiff's land from the west was cut off. Since the completion of the viaduct it has been used as a public highway, under the control of appellee, and a street car line has been built and operated thereon. The ground of the plaintiff's complaint is that her property was greatly depreciated in value by depriving it of access from the west by way of Sixty-first street, and by the increased noise by the use of the viaduct, and the blowing of quantities of dust therefrom upon her land.

On the trial the proof was contradictory, but evidence was given tending to support the plaintiff's allegations of damage. The jury found a verdict for the defendant. Plaintiff's motion for a new trial was overruled and judgment entered on the verdict.

The arrangement between the town and the railroad companies and their ensuing action must be considered as a whole. The closing of the street alone may have had a depressing effect on the value of appellant's property, but accompanied by the building of the viaduct, such depression might have been entirely overcome.

The first instruction asked by the plaintiff was framed upon the theory that she might recover damages caused by the closing of the street, without considering the effect of the building of the viaduct. That instruction was properly rejected.

The second instruction requested by the plaintiff was for the same reason misleading and should have been refused, because it failed to make any allusion to the viaduct as an element in the inquiry as to damages. But the addition made thereto by the court was faulty in directing the jury that only that part of the land situated on Sixty-first street, and to which the only access was by way of that street, was the subject of inquiry as to the injury. Plaintiff's land was an entire tract, not subdivided, and every part thereof was accessible from Sixty-first street. There was no practical method

of dividing it into two parts, one of which only could be reached from that street. The plaintiff always had kept the land undivided, and so long as it thus continued, she was entitled to the benefit of all adjacent highways for access to the whole block. The question of damages to the whole block was submitted to the jury by the second instruction for the defendant, and we are unable to see how the jury could reconcile this with the addition made by the court to the second instruction asked for by the plaintiff. The property being undivided, the question of damage and benefit should have been presented in their relation to the whole block.

The sixth instruction given for the defendant was as follows:

" The jury are instructed that, it being admitted in this case that the viaduct in question is constructed upon private property, and not upon the public street, the plaintiff is not entitled to recover against the defendant for any injury or damage which she claims to have sustained in respect of the property described in the declaration by reason of the construction of said viaduct."

The assumption that the town is not liab'e merely because the viaduct was built on private property of the railroads, can not be maintained. The land in all highways except those created by statutory dedication, is private property, the only interest of the municipality being an easement for the public benefit. The practical effect of the contract between the town and the railroad companies and the execution thereof, was to secure to the town an additional easement which enlarged the highway fronting the south line of plaintiff's property. Had the easement been acquired by condemnation, it would have differed only in the manner in which it could be used by the public. By the terms of the agreement the use of the twenty-five feet of land belonging to the railroads, is limited to the purposes of a viaduct. It is none the less a public highway and has been so treated by the defendant, the railroads and the public. A device of that character can not deprive a citizen of substantial rights secured by the fundamental law. If private property has sustained material physical damage by the mak-

Burcky v. Town of Lake.

ing and using of a public improvement in a public highway, the injured owner may recover such damage, and this rule applies to damages to private property, caused by the building and use of a viaduct in a highway adjoining thereto. Lewis on Eminent Domain, Sec. 495; Provision Co. v. City of Chicago, 111 Ill. 660; City of Chicago v. McDonough, 112 Ill. 85; City of East St. Louis v. Wiggins Ferry Co., 11 Ill. App. 254.

Damages sustained by the drifting of dust and dirt from a station and embankment erected by a railroad company to and upon plaintiff's property have been held recoverable. Turner v. S. & R. Railway Co., 10 M. & W. 425.

Evidence was given tending to show that, at the time of the trial, the property was of greater value than prior to the improvement complained of. The plaintiff does not deny this, but claims the increase in value was due to other improvements made shortly after the building of the viaduct. Whether the plaintiff was right on this point, should have been left to the jury under a correct statement of the law. If the closing of the street and the erection of the viaduct had the injurious effect attributed thereto in the declaration, the plaintiff was entitled to recover, although the depression in the value of the property was more than off-set by improvements subsequently made which caused a reaction in the value and made the land worth more than at any other time.

The seventh and eighth instructions given for defendant in substance charged that the plaintiff could not recover anything beyond the permanent loss she had suffered; that if, immediately after the vacation of a portion of Sixty-first street and the construction of the viaduct, the market value of the premises was less than it was immediately before that time, but soon thereafter the premises increased in value by reason of the construction of the viaduct, "and became as valuable as they were before the said vacation and construction of said viaduct," then the plaintiff could not recover. We conceive these instructions to be open to serious objection. The permanent injury referred to must have been understood by the jury as an injury which continued in spite of beneficial improvements made afterward, and which sustained no necessary connection with the works causing the damage.

The viaduct and street closing may have caused very serious damage to the plaintiff, and that damage may have, to some extent, disappeared in a short time, upon the discovery that the viaduct was not so grave a detriment as was at first supposed, and still a large share of the shrinkage in value may have remained until other improvements, subsequently made, proved so advantageous as to swell the value to its highest previous limit. The evidence would have warranted the jury in finding that this supposed order in decline and rise in value and the supposed cause thereof, was in conformity with the facts, but the instructions referred to command them to allow no damages in the event of such finding. In that we think the court below erred. The appellee can not off-set any damage it may have caused the appellant, as averred in the declaration, by benefits she may have derived from improvements made by others. The benefit of the latter, in the nature of things, the appellant may take without surrendering any part of any just claim she may have against the appellee. The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

GARY, J., took no part in this decision.