LOUISVILLE, NEW ALBANY & CHICAGO RAILWAY COMPANY

v.

GEORGE F. JOHNSON.

*Railroads—Negligence of—Personal Injuries—Comparative Negligence.*

1.  The failure of a railway company to stop its train at a crossing in accordance with the requirements of a police regulation is no breach of duty toward a passenger who desired to alight at such crossing, and therefore the company could be guilty of no negligence toward such passenger in its method of managing its train at this point, it being without notice that he had placed himself in a position of peril in attempting to alight.

2.  It is negligence for a passenger to alight from a train while it is in motion.

3.  The rule of comparative negligence has no application and can not be properly invoked except in cases where the party injured observed ordinary care for his own safety with reference to the particular circumstances involved.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. George W. Kretzinger, for appellant.

Messrs. John C. Black and Willett & Johnson, for appellee.

Moran, J. Appellee brought this action to recover for an injury received by him while getting off one of defendant's trains. The evidence shows that appellee and his cousin and cousin's son, who were all returning from work in Chicago to their homes in Englewood, got on the train at Archer avenue and took seats near together in the car. When the conductor came for the tickets appellee's cousin told him that he wanted to get off at the railroad crossing at 58th street, and the conductor said it was not a station but they stopped for the crossing. Appellee heard this conversation but said nothing to the conductor about getting off himself. When the train approached the railroad crossing appellee went out on the platform on the east side thereof, his cousin being on the west side, and what then occurred appellee relates as follows:

"As the train neared the crossing it slowed up until it was running, I presume, about as fast as a man could walk ordinarily, and I stepped down on the step and took hold of the rail of the coach with my right hand, and the rail in front with my left hand, and having a little small basket on my right arm that I carry my lunch in, and just as I swung off, the train gave a kind of a jerk and turned me around and threw me. After that I didn't remember anything about it, only that I knew I was under the train and they picked me up."

Q. "You got off while the train was in motion?" A. "Yes, sir." Q. "The train hadn't come to a stop?" A. "No, sir, it didn't come to a standstill."

Appellee's arm was crushed by the cars running over it, and he was otherwise injured. Other witnesses make the speed of the train greater at the point where appellee got off than he does, and all agree that the train did not come to a stop, but that it slackened speed as it came to the crossing and then increased it suddenly. The jury found a verdict in favor of appellee.

It is contended that as the law of the State required the train to be brought to a full stop when approaching the crossing of another railroad, the failure to come to a full stop or the sudden increasing of the speed of the train, was such an act as made the question to be tried by the jury one of comparative negligence. We do not perceive how such failure to stop or such sudden increase of speed can be held to be negligence by the appellant in the discharge of its duties toward appellee under the facts as disclosed in this record. He did not notify the conductor that he intended to depart from the train at that point, and the appellant did not undertake to allow him an opportunity to do so. While appellant might be bound to obey the police regulation requiring it to stop at the crossing under the penalty prescribed by the statute, it was under no duty to appellee, growing out of its contract with him as a passenger, to stop the train at said crossing. Refusing to stop, or a failure to slacken speed at that point, was no breach of its agreement with appellee, or of any duty arising therefrom. Having slackened speed it was under no duty not to increase speed suddenly or by a sudden jerk, it being without notice that appellee had placed himself in a position where such sudden jerk would subject him to peril. Appellant being under no duty to appellee *quoad* the time and circumstances of the accident, it follows that appellant could be guilty of no negligence toward him in managing its train as shown by the evidence. Ohio & Miss. Ry. Co. v. Stratton, 78 Ill. 88.

There is then upon this record no question of comparative negligence, for that question can arise only when both parties are guilty of negligence which contributes to the injury. It has been many times decided that getting off or on a train of cars in motion is such negligence as will preclude a recovery for an injury received. C. R. I. & P. Ry. Co. v. Eininger, 114 Ill. 79 ; Chicago & N. W. Ry. Co. v. Scates, 90 Ill. 586 ; Lecor v. Toledo, Peoria & W. R. R. Co., 10 Fed. Rep. 15; Hunter v. Cooperstown & S. V. R. R. Co., 126 N. Y. 18.

L., N. A. & C. Ry. Co. v. Johnson.

In C., B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373, the Supreme Court characterizes the getting off a train while in motion as a careless and imprudent act, for which the one who does it and not the railroad company should suffer the consequences. If, then, there was some negligence on the part of the appellant, there could be no recovery in this case, because getting off a train while in motion is a lack of ordinary care, and in order that the plaintiff may recover there must not only be fault on the part of the defendant, but ordinary care on the part of the plaintiff must be shown; and so it is well settled that the rule of comparative negligence has no application and can not be properly invoked except in cases where the party injured observed ordinary care for his own safety with reference to the particular circumstances involved.    Garfield Manufacturing Co. v. McLean, 18 Ill. App. 447; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

It may be true, as implied in appellee's brief, that a railroad company may so conduct itself by the course of its business as to assume the same duties to passengers who discharge themselves from its trains at a railroad crossing, as it owes to them at a regular station. Where the company treated the crossing as a point for receiving and discharging passengers its obligations to a passenger would doubtless be the same as at a regular station. That is, the conduct of the company would have the effect of making the crossing a station. Lake Shore & M. S. Ry. Co. v. Ward, 35 Ill. App. 423.

But showing that at some time, or at different times, passengers upon the trains had taken advantage of the stop at the crossing to leave the train without the direction or supervision of the company's agents, would not be sufficient to bind the company to conduct and manage its trains at the crossing as at a station. We find no evidence in this case sufficient to warrant the conclusion that the appellant company was in the habit of discharging or receiving passengers at this crossing. The motion to strike out the bill of exceptions, which was reserved to the hearing, is overruled. The judgment must be reversed and the case remanded.    *Reversed and remanded.*