Town of Lake v. Burcky.

57   547
158s  103

## Town of Lake v. Elise Burcky.

1. DAMAGES—*Vacation of Streets.*—Where a street is vacated by a city, the owner of lots damaged by such vacation is entitled to the damage resulting therefrom without reference to any increase of value of such lots arising from subdivisions thereof, made after the vacation.

2. SAME—*Not Affected by Subsequent Changes.*—An owner of a lot damaged by the vacation of a street, is not compelled to keep his property unsubdivided, or be prevented from recovering damages which he may have suffered from a change in a street made while it was an entire tract.

3. SAME—*Eminent Domain—Elements of.*—A witness, in estimating the damage accruing to a tract of land, may take into account the most advantageous use to which it may be put, and if the justness of his estimate is questioned, he may justify by reference to any practicable and advantageous uses to which the land may be put.

4. Same—*Special, When Confined to Blocks.*—If any special damage arises from the vacation of a street for which the owner of a tract of land is entitled to recover, by reason of the land being in the same block, such right of recovery will not cease to exist because the owner subsequently makes a subdivision necessitated by such vacation and by the dedication of a street separates the damaged property from the block in which it was when the damage was committed.

**Memorandum.**—Action for damages resulting from the vacation of a street. In the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Declaration in case; plea of the general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

Appellant's Brief, Harry Rubens, W. S. Johnson and Byron Boyden, Attorneys.

If the damages caused by the vacation of streets and alleys are not confined to property directly abutting upon the vacation, then the rule of law must be that it is a question of fact for the jury to determine, whether or not property is damaged by the vacation of a street or part of a street, and then whole neighborhoods would be allowed to recover damages from municipalities for injuries to their estates caused by necessary public improvements. This would amount to a perpetual injunction against public improvements of any kind. The city of Chicago would be made bankrupt by such a construction of the law.

Property owners are, from the very necessity of things, subject to greater or less influence from surrounding improvements in a large city, but whether benefited or injured, such influence has never, of itself alone, been regarded as sufficiently definite and tangible to constitute a legal right. Dillon on Mun. Corp., Sec. 730 (3d Ed.); East St. Louis v. O'Flynn, 119 Ill. 200; Union Bldg. Assn. v. Chicago, 102 Ill. 379; Parker v. Cath. Bishop, 146 Ill. 158; Rude v. St. Louis, 93 Mo. 408; Houck v. Wachter, 34 Md. 266; Co. Commrs. v. Duckett, 20 Md. 468; Shaw v. B. & A. R. R., 159 Mass. 597; Hammond v. Co. Commrs., 154 Mass. 509; Blackwell v. O. C. R. R., 122 Mass. 1; Brainerd v. C. R. R. R., 7 Cush.

Town of Lake v. Burcky.

506; Thayer v. Boston, 19 Pick. 511; Stetson v. Faxon, 19 Pick. 147; Davis v. Co. Commrs., 153 Mass. 218; Hartshorn v. So. Reading, 3 Allen 504; Castle v. County, 11 Gray, 26; Smith v. Boston, 7 Cush. 254; Spaulding v. Nourse, 143 Mass. 490; Brightman v. Fairhaven, 7 Gray, 271; Harvard College v. Stearns, 15 Gray 6; Wesson v. Washburn I. Co., 13 Allen 101; Willard v. Cambridge, 3 Allen 574; F. R. I. W. v. O. C. R. R., 5 Allen 221; Brady v. Shinkle, 40 Ia. 576; Ellsworth v. Chichasaw Co., 40 Ia. 571; Barr v. Oskaloosa, 45 Ia. 278; Stubenranch v. Neyenesch, 54 Ia. 567; Powell v. Bunger, 91 Ind. 65; I. B. & W. R. R. Co. v. Eberle, 110 Ind. 542; People v. Kerr, 27 N. Y. 188; Coster v. Mayor, etc., 43 N. Y. 399; Fearing v. Irwin, 55 N. Y. 486; Seeley v. Bishop, 19 Conn. 134; Kimball v. Homan, 74 Mich. 699; Keller v. A., T. & S. Fe R. R. Co., 28 Kan. 625; C. B. U. P. R. R. v. Andrews, 30 Kan. 590; Dawson v. St. Paul, 15 Minn. 136; Shaubut v. St. P. & S. C. R. R. Co., 21 Minn. 502; Adams v. C. B. & N. R. R. Co., 39 Minn. 297; State v. Barton, 36 Minn. 145.

Although the distinction between the nature of the rights of the public in a street and the right of an individual proprietor to access to his premises from the street has been often overlooked, yet it is a right which has been asserted by high authority. The right of an abutting owner to access to and from the street is a private right in the sense that it is something different from the right which the members of the public have to use the street for public purposes. Conformable to this distinction, and in part based upon it, a person owning or in possession of premises abutting on a public highway or street whose right of access to the same is unreasonably or unlawfully obstructed may recover from the person causing such obstruction, damages for the private injury he sustains where such damages are particular, direct and substantial. Dillon on Municipal Corporations, (3d Ed.) Sec. 730.

Appellee's Brief, Alexander Clark, Attorney.

We regard the rule as well settled, that for any obstruction to streets, not resulting in special injury to the indi-

vidual, the public only can complain. Where, however, the obstruction is such that a public prosecution is authorized, and at the same time an individual has been specially injured thereby, as well as where the act has been private and an offense against the individual solely, he may maintain an action and recover for his special injury. But in such case the special injury is the gist of the action, and unless it is alleged and proved, there can be no recovery. McDonald v. English, 85 Ill. 236; Wood on Nuisances, Sec. 829; Angell on Highways, Sec. 285; Francis v. Schoelkopf, 53 N. Y. 155; Pierce v. Dart, 7 Cowen, 609; 1 Smith's Leading Cases (Hare and Wallace's Notes, 7th Am. Ed.), 479; Chicago v. The Union Building Association, 102 Ill. 379; E. St. Louis v. O'Flynn, 119 Ill. 200; Littler v. The City of Lincoln, 106 Ill. 367.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit to recover damages resulting to certain property of the appellee from the vacation of a part of 61st street, in the town of Lake, now a part of the city of Chicago, and the construction of a viaduct.

At the time the vacating ordinance was passed by the town authorities the premises of appellee consisted of a single rectangular tract 337 feet in width, facing east on State street, and running westward 558 feet along, and fronting south upon, 61st street, to the east line of the right of way of the Lake Shore and Michigan Southern, and the Chicago, Rock Island and Pacific Railroad Companies.

These companies there occupied a right of way 198 feet in width, traversed by six railroad tracks, across which 61st street ran. The crossing was considered by the town authorities and the railroad companies, to be dangerous, and accordingly a contract was entered into between them providing for the construction of a viaduct upon the private property of the railroad companies on the south side of 61st street and next to it, and extending from State street over the tracks of said companies to Wentworth avenue, and that upon the completion of said viaduct an ordinance should be

passed vacating so much of 61st street as was included within said 198 feet of right of way.

The situation, and the contract and ordinance, are substantially set forth in the opinion of the court, when this cause was here before, reported in 30 Ill. App. 23. That contract was executed and the vacating ordinance duly passed, and the vacated part of 61st street was thereafter closed against the public.

The east line of the vacated part of the street is the same distance from State street as the west line of appellee's tract, and the northeast corner of the vacated part of the street joins the southwest corner of the appellee's land.

At the time of the first trial and of the first appeal to this court the premises of appellee consisted of an entire tract, but have since been subdivided by opening through them two streets running north from 61st street, viz., Butterfield street on the west end, and Dearborn street about midway between Butterfield and State streets. The west line of Butterfield street is the west line of said original rectangular tract. By such subdivision all of the property embraced within the original tract, as it existed when the street was closed, and at the time the suit was begun, was included in two blocks, including streets, lying east of the vacated part of 61st street. The evidence tending to show damage by reason of the closing of 61st street, was directed exclusively toward showing a depreciation, by reason of such street closing, in the value of the various lots composing the subdivision. And it is contended that by making the subdivision, whereby Butterfield street was interposed between the various lots of the subdivision and the vacated portion of 61st street, and by trying the case upon the theory of the existence of the subdivision and of the lots having particular value because of fronting upon such new streets, different and depreciated from what their value would have been if the vacation of 61st street had not been made, that thereby the appellee is not entitled to recover as for damages to property located within the same block as that in which the vacated portion of the street is located.

This theory of appellant is presented by an instruction that was requested by its counsel, and refused, as follows :

" The jury are instructed that, it being admitted that the fee simple title to the street in question (61st street) was in the city, and it appearing from the evidence that the property claimed to be damaged does not abut upon that portion of 61st street that was vacated, but is situated in another block east of the block in which the portion of the said 61st street was vacated, the plaintiff has failed to prove any actionable injury on account of the said vacation of 61st street, and all evidence of any damage done to plaintiff's property by reason of the said vacation is not to be considered by the jury in arriving at a verdict in this case."

It is true that by the subdivision that was made after the suit was begun, and by the dedication of Butterfield street off the west end of the original tract, the premises of the appellee were thrown into a block or blocks separate from that along which the vacated part of 61st street was situated. But it was shown that the subdivision was one into which the property would naturally, and to its best advantage, be made. We know of no such unjust rule as would compel an owner to keep his property unsubdivided, or else be shut off from a recovery of damages which it might have suffered from a change in a street made while it was an entire tract. But it is argued that all of the witnesses for the appellee who testified to a depreciation of value caused by the street having been vacated, took into account the new streets that had been made, and testified to the comparative value of the lots created by the subdivision, as between their value, severally, with 61st street closed, and their several value with that street open.

In a technical view, such a method of showing the damage was probably incorrect; and had it been objected to, might have amounted to error; but no objection appears to have been interposed to making the proof in that way.

That a witness in estimating the damage arising to a tract of land may take into account the most advantageous use into which it may be divided, or be put in any way, can

not be disputed, and it would have been competent for a witness to justify his estimate of damage by reference to such practicable and advantageous manner of using the land, if the correctness of his estimate was questioned.

That the witnesses did, on their direct examination, without objection, detail their method of arriving at their conclusion, and did, without objection, consider the property as subdivided into blocks and lots, can not, we think, be treated as error, nor can the appellee be said, because thereof, to have been bound to have admitted that the property was situated in another block from that which the vacated part of the street was in.

The actual damage to the land of appellee was not changed by the subdivision, and if there was any special and peculiar damage which arose to the appellee, for which she would have been entitled to recover, it existed as much after the subdivision was made as before. Before the subdivision was made the premises in question were in the same block in front of a part of which the vacated part of the street ran, and we do not think that the rule that there can be no special damages in law, unless the property is located within the block along which the vacation has taken place, can be made to apply simply because, by a subsequent subdivision, necessitated, perhaps, because of such vacation, a new street, dedicated by the owner, has been interposed separating the damaged property from the block to which it belonged when the damage was committed. Unless for other reasons the judgment is wrong it ought not to be disturbed. Whether the decisions of the Supreme Court since that in the Rigney case, 102 Ill. 64, change or modify, as has been ingeniously argued, the rule there announced, we will not discuss, and will merely say that we find nothing in them that would justify us in holding that, as a matter of law, the appellee is, under the facts of this case, precluded from recovering her just damages suffered by the proceeding complained of.

In the absence of a contrary holding by the Supreme Court we are bound by our former decision in this case, 30 Ill. App. 23, and under that decision the appellee was en-

titled to recover for such damages as might rightfully be shown to have been sustained by her.

The extent of such damages was a matter for the jury, and they having determined it and no serious error of law having intervened, the judgment will be affirmed.